IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION


MICHAEL JAMES METCALFE,

               Plaintiff,

    v.

G. MILLER,

               Defendant.

No. 2:23-cv-01220-AB

OPINION AND ORDER


**BAGGIO, District Judge:**

On January 20, 2025, the Court issued a Writ of Habeas Corpus ad Testificandum ("the writ") as to Plaintiff Michael James Metcalfe ordering the transport of Plaintiff to the John F. Kilkenny United States Courthouse in Pendleton, Oregon. (ECF 42). On March 4, 2025, approximately 43 days after issuance of the writ and 36 days prior to trial, Defendant filed Objections to that Writ. ("Objections", ECF 47). For the reasons that follow, Defendant's objection is OVERRULED.

Defendant objects the issuance of the writ because (1) "[t]he writ was not served on the parties through PACER," (2) the writ was not issued to the proper institution where Plaintiff is housed, and (3) the cost and security concerns associated with Plaintiff's presence do not outweigh the benefits of his in person testimony. Objections, at 1, 3, 5-6. Alternatively, Defendant asks the Court to allocate the costs of Plaintiff's transportation between the Oregon Department of Corrections ("ODOC") and the United States Marshals Service ("U.S. Marshals"). *Id*. at 6. The Court addresses each argument in turn.

//

OPINION AND ORDER, page 1

### 1. Service

Defendant first asserts that the writ was not served on the parties through PACER. *Id.* at 1; *see* Declaration of Michael Washington ("Washington Decl.", ECF 48) ¶ 2. The Court is puzzled by Defendant's assertion. According to the record, a notice of electronic filing of the Court's issuance of the writ was electronically mailed to both counsel for Plaintiff and Defendant on January 21, 2025 (*see below*). The Court therefore reject's Defendant's assertion and declines to accept it as a basis to invalidate the Court's issuance of the writ.

**Notice of Electronic Filing**

The following transaction was entered on 1/21/2025 at 11:05 AM PST and filed on 1/20/2025
**Case Name:**      Metcalfe v. Miller
**Case Number:**    2:23-cv-01220-AB
**Filer:**
**Document Number:** 42

**Docket Text:**
Writ of Habeas Corpus ad Testificandum Issued as to Michael James Metcalfe for trial on 4/8/2024. (Copy emailed to OSP on 1/21/2025.) (jp)

**2:23-cv-01220-AB Notice has been electronically mailed to:**

Michael R. Washington    michael.r.washington@doj.oregon.gov, jacky.m.withem@doj.oregon.gov, Kris.Tsuchiyama@doj.oregon.gov

Wayne A Lamb    wayne@wlamblaw.com

### 2. Plaintiff's Institution

Defendant next objects to the Court's issuance of the writ because it was not issued to the institution where Plaintiff is housed and, thus, it is invalid. The Court issued the writ to the Superintendent of the Oregon State Penitentiary ("OSP") on January 21, 2025 (ECF 42). According to transport-related logistical communications exchanged between court staff and ODOC staff, on January 21, 2025, Plaintiff was housed at OSP. It was not until January 24, 2025, three days after the Court validly issued its writ, that Plaintiff was transferred to the Snake River Correctional Institution ("SRCI") in Ontario, Oregon. Defendant cites no authority to explain why a subsequent transfer of institutions within ODOC invalidates a previously issued

writ. Absent contrary authority, the Court declines to accept Plaintiff's institution transfer as a basis to invalidate the writ and overrules Defendant's objection on that basis.

### 3.  Cost and Security Concerns

Defendant next objects to the Court's issuance of the writ because Defendant can arrange to have Plaintiff testify via video conference and, thus, the costs and security concerns associated with Plaintiff's presence outweigh the benefit of his in-person testimony. Objection, at 5-6. Although Defendant can arrange to have Plaintiff testify via video conference, the Court finds that, in its experience, the technology at the Pendleton Courthouse is inadequate to accommodate such testimony.

Moreover, this case had been transferred from Pendleton for trial in the U.S. District Courthouse in Portland (ECF 31), where other agencies are routinely granted courtesy access to the courthouse's cellblock and housing to secure adults in custody during their court proceedings. It was on the specific motion of Defendant that the case be transferred back to Pendleton for trial (ECF 36), where it is more onerous on ODOC to secure the transportation of its adults in custody. The cost and security concerns Defendant raises because of Defendant's request to hold the trial in Pendleton is not well received.

Because Plaintiff is the primary witness in his case, the Court finds that the benefit of his presence at trial outweighs any cost and security concerns identified by Defendant. *See Wiggins v. Alameda Cnty,* 717 F.2d 466, 468 n.1 (9th Cir. 1983) ("When determining whether it should issue a writ . . . the district court must exercise its discretion based upon . . . whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, [and] the expense of the prisoner's transportation and safekeeping[.]"). Accordingly, the Court overrules Defendant's objection to the Court's writ.

### 4. Allocation of Costs

In the alternative, Defendant asks this Court to issue an order allocating Plaintiff's transportation costs between ODOC and the U.S. Marshals. The Court has considered Defendant's request and does not find an allocation of Plaintiff's transportation costs appropriate under the circumstances. Plaintiff is in the custody of ODOC and will be housed at East Oregon Correctional Institution ("EOCI")—a state correctional institution in Pendleton, Oregon—for the duration of the trial. Contrary to Defendant's assertion, the U.S. Marshals are not stationed in Pendleton and are, thus, not familiar with the security of the Pendleton Courthouse. *Cf.* Objection, at 6 ("[Allocation of costs] would be preferable given the U.S. Marshals familiarity with the security of the Courthouse."). In fact, the U.S. Marshals would have to drive over 200 miles to assist with the transportation of Plaintiff, a *state* adult in custody. The Court therefore does not find it appropriate to allocate Plaintiff's transportation costs and denies Defendant's request to do so.

The Court OVERRULES Defendant's Objection(s) to Writ of Habeas Corpus ad Testificandum [47].

IT IS SO ORDERED.

DATED this 11th day of March, 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge